IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JULIO ARMANDO BRUNET, #05079-104                                PETITIONER

VERSUS                                    CIVIL ACTION NO. 3:18-cv-456-HTW-LRA

UNITED STATES OF AMERICA                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause comes before the Court *sua sponte* for consideration of dismissal. Petitioner, an inmate incarcerated at the Madison County Detention Center, Madison, Mississippi, filed this Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361. Having considered Petitioner's Petition [1] and the relevant case law, the Court has determined that Petitioner's Writ of Mandamus will be denied and this civil action dismissed.

Background

Petitioner files this Petition for Writ of Mandamus [1] "in connection with criminal[] cases no 14-20211-CR-UNGARO and 3.18-cr-78-CWR-FKB."[1] Pet. [1] at 2. A review of court records reveals that Petitioner is referring to his criminal case in the United States District Court for the Southern District of Florida, *United States v. Brunet*, Criminal No. 1:14-cr-20211 (S.D. Fla. Oct. 28, 2014), in which he was convicted, and his criminal case pending in this Court, *United States v. Brunet*, Criminal No. 3:18-cr-78-CWR-FKB (S.D. Miss. filed Apr. 4, 2018).

Petitioner states that the Court has original jurisdiction "in the nature of mandamus to compel an officer to perform a duty owed to the plaintiff and proceed to release" him *Id*. at 1. Petitioner bases his request for mandamus relief on the following:

---

[1] The Court notes that "UNGARDO" is the name of the United States District Judge assigned to his criminal case in the United States District Court for the Southern District of Florida. See *United States v. Brunet*, Criminal No. 1:14-cr-20211 (S.D. Fla. Oct. 28, 2014).

    1 - Violation of Rule 7(c)(2)
    2 - Violation of First Amendment
    3 - All federal documents pertaining to the case are made against Julio Armando Brunet federal trust or foreign estate know by law as a "debtor"/corporate fiction and artific[i]al person (hereafter referred as "corporate fiction"[)]
    4 - Filed transfer statement, shows the secured party had possession of both corporate fiction and agent.
    5 - Violation of due process of law
    6 - Violation of Fifth and Fourteen[th] Amendments
    7 - Stylistic English vs Proper English
    8 - Filed security agreement "under 28 U.S.C. 3002(13)["
    9 - Legal filed "Power of Attorney"
    10 - Bill of lading/change of instruction.

*Id*. at 1-2.

## Analysis

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Clearly, in order for the Court to grant mandamus relief, (1) the Plaintiff must have a clear right to the relief, (2) the Defendant must have a clear duty to do the act requested, and (3) the Plaintiff must not have any other adequate remedy. *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997) (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.*"* *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976).

Liberally construing Petitioner's Petition [1], the Court finds that the Petitioner does not meet the requirements for this Court to issue a writ of mandamus. Petitioner has other adequate remedies available to him such as litigating his allegations in his ongoing criminal case, or thereafter with the United States Court of Appeals. Moreover, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Kerr,* 426 U.S. at 403. Consequently, the Court does not find the drastic remedy of mandamus necessary to Petitioner's circumstances.

## Conclusion

As explained above, the Court finds that Petitioner does not meet the requirement that mandamus, 28 U.S.C. § 1361, is appropriate under the circumstances of the instant civil action. Petitioner, therefore, is not entitled to the extraordinary remedy of mandamus which he seeks in this action. Thus, Petitioner's request for a writ of mandamus is DENIED and this case is hereby DISMISSED.

A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

SO ORDERED, this the 31st day of January, 2019.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Memorandum Opinion and Order
Civil action no. 3:18-cv-456-HTW-LRA